**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS ROSAS and ANTONIO VILLAGOMEZ,<br><br>    Plaintiffs,<br><br>  v.<br><br>ETS SERVICES, LLC, GMAC MORTGAGE, and DOES 1-50, inclusive<br><br>    Defendants.<br>                                             / | No. C 08-05259 WHA<br><br>**ORDER RE MOTION TO DISMISS** |

       On October 23, 2008, plaintiffs initiated this action by filing a complaint in the Superior Court of California, County of Alameda. On November 20, 2008, defendants removed the complaint to this Court.

       On January 16, 2009, defendants filed a motion to dismiss plaintiffs' complaint. The motion to dismiss was noticed for a February 26 hearing. Plaintiffs did not file an opposition to the motion on the February 5 due date. The Court staff left a message with plaintiffs' counsel requesting they immediately file an opposition brief or a statement of non-opposition. The Court also issued a notice providing plaintiffs with another opportunity to respond by setting a new deadline of February 17 for plaintiffs to file an opposition, and the Court warned that "[p]laintiffs' failure to respond will very likely mean dismissal of their case for a failure to prosecute" (Dkt. 24). To date, plaintiffs still have not filed an opposition or a statement of non-opposition. Apparently, this failure to respond to the motion is consistent with plaintiffs'

counsel's conduct in similar cases. In fact, other district courts have granted motions to dismiss similar complaints filed by plaintiffs' counsel, and some courts have expressed concern that plaintiffs' counsel is improperly using the judicial process to delay foreclosures. The Court has also learned that plaintiffs' counsel is a vexatious litigant and their law offices have been shut down recently.

In the motion to dismiss, defendants argue that plaintiffs' complaint is premised on the flawed legal theory that a loan servicer and/or trustee on a deed of trust must have physical possession of the original mortgage note to commence nonjudicial foreclosure proceedings. Having reviewed the moving papers and the record, defendants' motion to dismiss appears to be well taken and should be granted. The Court will dismiss this case unless **WITHIN TWENTY-ONE** calendar days plaintiffs appear *pro se* or have a new lawyer file a notice of appearance and show cause why the case should not be dismissed. The hearing and case management conference scheduled for February 26, 2009 is **VACATED**.

The existing attorneys must serve copies of this order on the named plaintiffs **WITHIN THREE DAYS** of the date of this order. Service by first class mail will be sufficient.

**IT IS SO ORDERED.**

Dated: February 19, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2